```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         FORT WAYNE DIVISION
```

ALBERT J. KIZER,                )
                                )
        Petitioner              )
                                )
              v.                 )       No. 1:10-CV-407
                                )
STATE OF INDIANA,               )
                                )
        Respondent.             )

**OPINION AND ORDER**

This matter is before the Court *sua sponte* pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Rule 4 requires the Court to review a habeas corpus petition, and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief ...." This rule provides the Court with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss those petitions which obviously lack merit. For the reasons set forth below, the Clerk is **ORDERED** to **DISMISS** this petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.

BACKGROUND

Petitioner Albert Kizer, an Indiana parolee, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. section 2254, requesting that this Court order the State of Indiana to discharge him from parole. According to the petition, Kizer was convicted of Rape, and sentenced to serve a term of years. He is

now on parole, and asserts that "since the Indiana Sex Offender Act does not apply to him, the ten year period of parole should not apply to him ... and that he should have been on parole for a term of two years pursuant to Indiana Code Section 35-50-6-1(s)." (DE 1 at 3).

DISCUSSION

Pursuant to 28 U.S.C. section 2254(b)(1), an application for writ of habeas corpus shall not be granted unless is appears that the applicant has exhausted the remedies available to him in the courts of the state in which the conviction occurred. Section 2254(b)(1)(A) forbids a federal court from excusing the exhaustion requirement unless the state's corrective process is incapable of protecting the rights of the applicant. To fully exhaust his state court remedies, a habeas petitioner must seek discretionary review from the state's highest court where that review is normal, simple, and an established part of the state's appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 846-47 (1999). Failure to exhaust available state court remedies constitutes a procedural default. To avoid a procedural default, a petitioner must have presented his federal claims to the state courts before he seeks federal review of these claims. *Id.* at 844.

Kizer states in his petition that he did not present the claims he now presents to this court in his petition to the state courts prior to filing his petition for writ of habeas corpus.

2

According to his petition:

> (b) Petitioner did not exhaust his state remedies because he alleges that he entitled to a **Writ of Habeas Corpus** because he has been unlawfully detained on parole for over three years and is entitled to immediate release.
> (c) Petitioner did not raise this issue on his direct appeal from the judgment of conviction.
> (d) Petitioner did not raise this issue through his petition for post-conviction relief because he was incarcerated and was not aware of the present issue at that time.
> (e) N/A
> 13(a) The present issue was not presented to the Indiana Supreme Court. The present issue was not presented to the Indiana Supreme Court because the Petitioner was incarcerated, and was not aware of the issue.

DE 1 at 3 (emphasis in original).

Because Kizer has not presented his claims to the Indiana Court of Appeals or to the Indiana Supreme Court, he has not exhausted his state court remedies.


CONCLUSION

For the reasons stated in this order, the Court **DISMISSES** this petition without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.


**DATED: March 15, 2011**          /S/RUDY LOZANO, Judge
                                   **United States District Court**

3